# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

U.S. BANK NATIONAL ASSOCIATION, as
Trustee for CHASE MORTGAGE FINANCE
CORPORATION MULTICLASS MORTGAGE
PASS-THROUGH CERTIFICATES CHASEFLEX
TRUST SERIES 2006-1,

       Plaintiff,

vs.                                                                                     No. CIV 17-0778 JB/KK

FIRST MORGAN and UNKNOWN TENANT(S),

       Defendants.

## <u>ORDER OF REMAND</u>

**THIS MATTER** comes before the Court on the Magistrate Judge's Order to Show

Cause, filed September 20, 2017 (Doc. 13)("Show Cause Order"). On March 27, 2017, Plaintiff

U.S. Bank National Association, as Trustee for Chase Mortgage Finance Corporation Multiclass

Mortgage Pass-Through Certificates Chaseflex Trust Series 2006-1 ("U.S. Bank") filed its

Complaint for Quiet Title to Real Property, filed March 27, 2017, in <u>U.S. Bank Nat'l Ass'n v.</u>

<u>First Morgan</u>, D-101-CV-2017-99837 (First Judicial District Court, County of Santa Fe, State of

New Mexico), in file at July 28, 2017 (Doc. 1 at 5-8)("Complaint"). The Complaint seeks to

quiet U.S. Bank's title to property "commonly described as 830 Paseo de Don Carlos, Santa Fe,

NM 87501." Complaint at 2. On July 28, 2017, "J Brown Successor to First Morgan" removed

the case to federal court. Notice for Removal, filed July 28, 2017 (Doc. 1 at 1-3)("Notice of

Removal").

Noting that the Notice of Removal is insufficient to demonstrate that the Court has

subject-matter jurisdiction, the Honorable Kirtan Khalsa, United States Magistrate Judge, issued

the Show Cause Order on September 20, 2017, which directs First Morgan, if it is a business entity, to obtain counsel authorized to practice law before the Court, to cause such counsel to formally enter an appearance, and to show cause in writing why the Court should not remand the Case for lack of subject-matter jurisdiction.  <u>See</u> Show Cause Order at 4.  In the alternative where First Morgan is a natural person asserting his or her own legal rights pro se, the Show Cause Order directs First Morgan to enter an appearance pro se and to respond to the Show Cause Order.  <u>See</u> Show Cause Order at 4.  In either alternative, the Show Cause Order required First Morgan to respond by October 3, 2017.  <u>See</u> Show Cause Order at 4.

On October 2, 2017, Defendant filed a Notice of Affidavit by James Brown, filed October 2, 2017 (Doc. 15)("Brown Aff.").  The Court liberally construes it as First Morgan's response to the Show Cause Order.  For the reasons that follow, the Brown Aff. does not demonstrate that the Court has subject-matter jurisdiction.  Accordingly, the Court will remand the case to the state court in which U.S Bank originally filed its Complaint.

<u>**LAW REGARDING SUBJECT-MATTER JURISDICTION**</u>

It is a well-known principle that courts may examine their subject-matter jurisdiction at any time in the proceedings.  <u>See</u> <u>Tuck v. United Services Auto Ass'n</u>, 859 F.2d 842, 844 (10th Cir. 1988).  <u>See also</u> 28 U.S.C. § 1447(c)("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").  Federal removal jurisdiction is statutory in nature and must be strictly construed.  <u>See</u> <u>Shamrock Oil & Gas v. Sheets</u>, 313 U.S. 100, 108 (1941).  A removing party has the burden of demonstrating the existence of federal jurisdiction by a preponderance of the evidence.  <u>See</u> <u>Karnes v. Boeing Co.</u>, 335 F.3d 1189, 1193-94 (10th Cir. 2003).

"J Brown successor to First Morgan" removed this case to federal court on the basis of diversity jurisdiction. <u>See</u> Notice of Removal at 3. 28 U.S.C. § 1332 sets forth the statutory authority for diversity jurisdiction in federal court, and provides, in relevant part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1)-(2).

Regarding the amount in controversy, a defendant's notice of removal must include a good-faith, plausible allegation that the amount in controversy exceeds the jurisdictional threshold. <u>See</u> <u>Dart Cherokee Basin Operating Co. v. Owens</u>, 135 S. Ct. 547, 553-54 (2014). In other words, the "defendant must affirmatively establish jurisdiction by proving jurisdictional *facts* that ma[k]e it *possible* that $75,000 [is] in play." <u>McPhail v. Deere & Co.</u>, 529 F.3d 947, 955 (10th Cir. 2008)(emphasis in original). In considering whether the amount-in-controversy requirement has been satisfied, courts may rely on their "judicial experience and common sense[.]" <u>Roe v. Michelin N.A., Inc.</u>, 613 F.3d 1058, 1062 (11th Cir. 2010). In regard to the diversity-of-citizenship requirement, plaintiffs must, as a general rule, specifically allege the citizenship of each defendant. <u>See</u> 13B Charles A. Wright, Arthur R. Miller, Edward H. Cooper, Federal Practice and Procedure § 3611, at 517–18 (2d ed. 1984). A negative statement that a party is not a citizen of a particular state is not sufficient. <u>See</u> Wright & Miller, <u>supra</u> § 3611, at 517-18.

## **ANALYSIS**

The Court is uncertain what to make of Brown's assertion that he is the "Successor to First Morgan," Notice of Removal at 1, but the Court construes it as an assertion that Brown somehow acquired First Morgan's property interest such that First Morgan is only a nominal

defendant while Brown is "the real party defendant in interest." La Russo v. St. George's University School of Medicine, 747 F.3d 90, 96-97 (2d Cir. 2014)(holding that a real party defendant in interest is entitled to remove a case to federal court). Under this construction, Brown represents himself pro se, so the Court need not determine whether Brown is eligible to represent First Morgan. The Court concludes that Brown has failed to demonstrate that the Court has subject-matter jurisdiction, so the Court will remand the case.

## I.    **THE COURT DOES NOT HAVE DIVERSITY JURISDICTION.**

In the Notice of Removal, Brown asserts, without more, an amount in controversy of $54,058,180.00. See Notice of Removal at 3. Brown also asserts that the "Defendants are not a resident of New Mexico" and that the "Defendants are diverse," see Notice of Removal at 3, because none of the "'parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought,'" Notice of Removal at 3 n.2 (quoting 28 U.S.C. § 1441(b)(2)). Because $54,058,180.00, in the context of this action to quiet title to a single lot in a subdivision in Santa Fe, New Mexico, did not, in Magistrate Judge Khalsa's judicial experience and common sense, appear to be a good-faith, plausible estimate of the amount in controversy, and she gave Brown the opportunity to provide evidence establishing his estimate's validity. See Show Cause Order at 2-3. See also Dart Cherokee Basin Operating Co. v. Owens, 135 S. Ct. at 554 ("Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation."). Because Brown's assertions regarding diversity are legally insufficient, Magistrate Judge Khalsa gave Brown an opportunity to remediate that deficiency by responding to the Show Cause Order. See Show Cause Order at 3.

The Brown Aff. does not address Magistrate Judge Khalsa's jurisdictional concerns. Instead, it contains a number of queries and statements that are irrelevant to the Court's subject-

matter jurisdiction, see, e.g., Brown Aff. at 2 ("is it not true, i believe, whomever has a vested interest in said case should reply post haste so it can be determined who or what is before this Court?"); id. at 3 ("i James, a man, believe my claim is before the Court. i James, a man, intend to do no harm. i James, a man, intend not to trespass. i James, a man, take said Order [to Show Cause] under advisement."), and a "verified" statement that "James" "intend[s] to amend," Brown Aff. at 1. Consequently, the Court agrees with Magistrate Judge Khalsa and concludes that Brown's assertion that his claim is worth $54,058,180.00 is implausible such that Brown has not included a good-faith, plausible allegation that the case satisfies diversity-jurisdiction's amount-in-controversy requirement.

In addition to not properly alleging the requisite amount in controversy, Brown does not properly allege diversity of citizenship. Brown and U.S. Bank may well be "citizens of different States," 28 U.S.C. § 1332(a)(1), but nothing in the record indicates that is so. The information in the Complaint does not allow the Court to determine the citizenship of either U.S. Bank or First Morgan, and the Complaint does not mention Brown at all. The Notice of Removal contains only an allegation that "Defendants are not a resident of New Mexico," Notice of Removal at 3, and an allegation that -- because 28 U.S.C. § 1441's in-state-defendant rule is satisfied -- the parties are diverse, see Notice of Removal at 3 & n.2. The Brown Aff. provides no relevant information regarding Brown's, U.S. Bank's, or First Morgan's citizenship. Consequently, the Court cannot determine the citizenship of any of the parties, much less that there is complete diversity of citizenship as 28 U.S.C. § 1332 requires.

Although Brown's filings do not establish that the Court has subject-matter jurisdiction, the Court's independent inquiry reveals that the underlying facts may well satisfy diversity-jurisdiction's requirements. As to the amount in controversy, Brown's allegation that a single lot

in Santa Fe is worth more than fifty-four million dollars is implausible, a claim that the value of such a lot exceeds $75,000.00 would be plausible. The Court's cursory internet research confirms that conclusion. See Assessment Information Search, SANTA FE COUNTY ASSESSOR'S OFFICE https://www.santafecountynm.gov/assessor/online_tools/assessment_information_search (listing the "Total Full Value" of 830 Paseo de Don Carlos -- the subject of U.S. Bank's quiet-title suit -- as $625,819.00).

Additionally, the parties to the case are probably diverse. "[F]or the purposes of federal-court diversity jurisdiction . . . national banks, *i.e.,* corporate entities chartered not by any State, but by the Comptroller of the Currency of the U.S. Treasury . . . [are] citizen[s] of the State in which [their] main office, as set forth in [their] articles of association, is located." Wachovia Bank v. Schmidt, 546 U.S. 303, 306-07 (2006)(emphasis in original)(citing 28 U.S.C. § 1348). U.S. Bank's main office is in Cincinnati, Ohio. See United States National Bank Association Amended and Restated Articles of Association art. IV, available at http://www.sec.gov/Archives/edgar/data/60302/000089102002000189/v79459orex25-1.txt. See also National Banks Active as of 9/30/2017, OFFICE OF THE COMPTROLLER OF THE CURRENCY, https://www.occ.treas.gov/topics/licensing/national-banks-fed-savings-assoc-lists/national-by-name-pdf.pdf. U.S. Bank is, thus, a citizen of Ohio for the purposes of diversity jurisdiction.

The Court cannot determine Brown's citizenship. Brown has provided a Wichita Falls, Texas, mailing address to the Court, but that address belongs to a commercial mail receiving agent. See Contact, TEXAS HOME BASE, MAIL FORWARDING/RECEIVING, http://www.texashomebase.com/contact/. Consequently, the Court cannot soundly infer that Brown is a Texas resident, much less that he is a Texas domiciliary. While Brown's pleadings have either been filed in person at the United States District Court for the District of New

Mexico Clerk's office located in Santa Fe or mailed from Santa Fe, the Court cannot soundly infer that Brown is a New Mexico domiciliary, because Brown could be present in New Mexico transiently. That Brown's commercial mail receiving agent markets its services specifically to people who live in Recreational Vehicles ("RVs") on a "full time" basis strengthens that possibility. FULL TIME RVers, TEXAS HOME BASE, MAIL FORWARDING/RECEIVING, http://www.texashomebase.com/rvers/.

Removal is improper even if Brown is a New Mexico citizen, because "[a] civil action otherwise removable solely on the basis of [diversity] jurisdiction . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Failing to comply § 1441(b)(2) is, however, a procedural defect that can be waived by the parties. See American Oil Co. v. McMullin, 433 F.2d 1091, 1093, 1095 (10th Cir. 1970)(applying a statutory predecessor to § 1441(b)(2)); Herrera v. Las Cruces Public Schools, 695 F. App'x 361, 366 (10th Cir. 2017)(Briscoe, J.)(unpublished)("[T]he forum-defendant rule is a procedural rule, not a jurisdictional one, and can therefore be waived if the plaintiff does not raise a § 1441(b)(2) objection in the district court but instead proceeds with the action.").[1] Courts cannot remand sua

---

[1]Herrera v. Las Cruces Public Schools is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A), 28 U.S.C. ("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The Court of Appeals for the Tenth Circuit has stated:

In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

sponte based on procedural -- as opposed to jurisdictional -- defects.  See Smith v. Mylan, Inc., 761 F.3d 1042, 1046 (9th Cir. 2014)(holding that a district court "acted in excess of its statutory authority" by remanding sua sponte because of a procedural defect); In re Continental Cas. Co., 29 F.3d 292, 295 (7th Cir. 1994)(Easterbrook, J.)(reversing a district court's decision to remand sua sponte based on a procedural defect).  See also FDIC v. Loyd, 955 F.2d 316, 323 (5th Cir. 1992)("The district court is therefore not empowered by [28 U.S.C.] § 1447(c) to remand a case because of a procedural defect in removal, *sua sponte* or on motion of the parties, more than thirty days after removal.").  U.S. Bank has not filed a motion to remand, so the Court could not remand the case because of 28 U.S.C. § 1441(b)(2) even if it were convinced that Brown is a New Mexico citizen.

Notwithstanding the Court's inability to precisely determine Brown's citizenship, complete diversity exists -- barring certain corner cases[2] -- so long as Brown is not an Ohio

_____

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005).  The Court concludes that Herrera v. Las Cruces Public Schools, has persuasive value with respect to a material issue, and will assist the Court in its disposition of this Order.

[2]For example, if Brown is a United States citizen domiciled abroad who is or was temporarily present in Santa Fe, the case would not be between "citizens of different States" or "citizens of a State and citizens or subjects of a foreign state."  28 U.S.C. § 1332(a)(1)-(2).  See Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989)("The problem in this case is that Bettison, although a United States citizen, has no domicile in any State.  . . .  Bettison's 'stateless' status destroyed complete diversity under § 1332(a)(3), and his United States citizenship destroyed complete diversity under § 1332(a)(2).")  The same result would follow if Brown "does not have a nationality of any country," United Nations Human Rights Council, Ending Statelessness, UNHCR, http://www.unhcr.org/en-us/stateless-people.html, because that would mean that Brown would be neither a citizen of a state, see Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. at 828 ("In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States *and* be domiciled within the State."  (emphasis in original)), nor a citizen or subject of a foreign state, see Shoemaker v. Malaxa, 241 F.2d 129, 129 (2d Cir. 1957)("[A] stateless person . . . is not a citizen or subject of a foreign state within the meaning of 28 [U.S.C.] § 1332(a)(2)").

domiciliary.[3]  The absence of evidence leaves the Court to speculate, but it appears to the Court

that Brown is probably a citizen of a foreign state, the District of Columbia, or one of the forty-

nine United States that are not Ohio.  Unfortunately for Brown, the Court is not free to engage in

this sort of speculation and probabilistic reasoning.  "Federal courts are courts of limited

jurisdiction," so "[i]t is to be presumed that a cause lies outside this limited jurisdiction" until

"the party asserting jurisdiction" proves the contrary.  Kokkonen v. Guardian Life Ins. Co., 511

U.S. 375, 377 (1994).  See Celli v. Shoell, 40 F.3d 324, 327 (10th Cir. 1994)("Federal courts are

courts of limited jurisdiction, and the presumption is that they lack jurisdiction unless and until a

plaintiff pleads sufficient facts to establish it.").  "Mere conclusory allegations of jurisdiction are

not enough; the party pleading jurisdiction 'must allege in his pleading the facts essential to

show jurisdiction.'"  Celli v. Shoell, 40 F.3d at 327 (quoting Penteco Corp. v. Union Gas

System, Inc., 929 F.2d 1519, 1521 (10th Cir. 1991)).  "If jurisdiction is challenged, the burden is

on the party claiming jurisdiction to show it by a preponderance of the evidence."  Celli v.

Shoell, 40 F.3d at 327.

In sum, Brown and First Morgan -- the removing parties, who have a responsibility to

show that the Court has subject-matter jurisdiction -- have not demonstrated the existence of

---

[3]If First Morgan is a fictitious entity -- as U.S. Bank contends, see Complaint ¶ 2, at 1 -- and Brown is the actual defendant, then First Morgan's citizenship would not matter for determining whether the case is removable.  See 28 U.S.C. § 1441(b)(2)("In determining whether a civil action is removable on the basis of jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."); Complaint ¶ 2, at 1 ("Defendant First Morgan, is believed to be a fictitious entity, as there is no company with that name at the listed address in California, and no company with that specific name in California or New Mexico.").  First Morgan has made not filed any documents in the case, so the only information available to the Court regarding First Morgan comes from U.S. Bank's Complaint.  Consequently, even if the Court needed to consider First Morgan's citizenship to determine whether it has subject-matter jurisdiction, the Court would be unable to make that determination.

federal jurisdiction.  See Karnes v. Boeing Co., 335 F.3d at 1193-94.  The Court "may not exercise authority over a case for which it does not have subject matter jurisdiction." Cunningham v. BHP Petroleum Great Britain PLC, 427 F.3d 1238, 1245 (10th Cir. 2005).  The Court will remand this case to the state court in which U.S. Bank originally filed it.  See 28 U.S.C. § 1447(c)("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

## II.    BROWN IS NOT ELIGIBLE TO REPRESENT FIRST MORGAN.

The Court deems it prudent to consider the possibility that it incorrectly construed Brown's assertion to be the "successor to First Morgan" as a claim that Brown somehow acquired First Morgan's property interest that is at issue in this case.  Notice of Removal at 3.  It is possible to construe that assertion, instead, as a statement that Brown represents First Morgan, but Brown has not shown that he is eligible to represent First Morgan in this Court.  As noted in the Show Cause Order, if First Morgan is a business entity and not a natural person, an attorney authorized to practice before the Court must represent First Morgan.  See Rowland v. California Men's Colony, 506 U.S. 194, 201-02 (1993)(reiterating the longstanding rule that "a corporation may appear in the federal courts only through licensed counsel").  See also D.N.M.LR-Civ. 83-7 (stating that an attorney authorized to practice before the Court must represent a corporation, partnership, or business entity other than a natural person).  Alternatively, if First Morgan is an individual and has chosen not to obtain counsel, he or she must assert his or her own legal rights. See Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 474 (1982)(holding that a party can assert only his own legal rights and cannot rest his claim on others' rights).  With no indication that Brown is an attorney authorized to practice law

before the Court, it is impermissible for him to continue to file pleadings in this case purportedly on behalf of the named Defendant, First Morgan.

## III.     SANCTIONS UNDER 28 U.S.C. § 1447(C) ARE NOT WARRANTED.

Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Whether to award just costs, expenses, and attorney fees under § 1447(c) is left to a court's discretion.  See Martin v. Franklin Capital Corp., 546 U.S. 132, 139 (2005).  In exercising that discretion, a court "should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied."  Martin v. Franklin Capital Corp., 546 U.S. at 140.  Thus, "the reasonableness of the removal" should drive the inquiry, and a court should award costs and fees "only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. at 141.

While the Court's speculation regarding the existence of complete diversity, see supra, cannot satisfy Brown's burden to establish that the Court has diversity jurisdiction, those speculations are sufficient for the Court to conclude that sanctioning Brown, a pro se litigant, is inappropriate.  When the Show Cause Order gave Brown an opportunity to demonstrate that removal is well founded, Brown filed an unhelpful response that did not address whether the Court has subject-matter jurisdiction.  Consequently, there is no evidence in the record regarding Brown's citizenship -- and, thus, the case's removability -- which means both that the Court can determine neither that it has subject-matter jurisdiction nor that Brown lacks an objectively

reasonable basis for removal. The Court will, accordingly, remand the case, but it will not award

fees to U.S. Bank under 28 U.S.C. § 1447.[4]

**IT IS ORDERED** that the case is remanded to First Judicial District Court, County of

Santa Fe, State of New Mexico.

UNITED STATES DISTRICT JUDGE

*Counsel:*

M. Dylan O'Reilly
Holly Agajanian
Miller Stratvert, P.A.
Santa Fe, New Mexico

   *Attorneys for the Plaintiff*

---

[4]The Plaintiffs moved the Court to impose sanctions under both 28 U.S.C. § 1447(c) and 28 U.S.C. § 1927. See Motion for Sanctions Under 28 U.S.C. §§ 1927 and 1447(c) ¶¶ 10-11, at 2, filed October 4, 2017 (Doc. 16)("Fees Motion"). Section 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. See Union Pacific R. Co. v. Larkin, 2005 WL 3664428, at *2-3 (D.N.M. 2005)(Browning, J.)(stating that sanctions are warranted under § 1927 when attorneys act recklessly or with indifference toward the law, when attorneys are cavalier or bent on misleading the court, when attorneys act without a plausible basis, or when an entire proceeding is unwarranted). The Court concludes that the language of § 1927 -- specifically its reference to "[a]ny attorney or person admitted to conduct cases," 28 U.S.C. § 1927 -- does not permit the Court to sanction pro se litigants. See Steinert v. Winn Group, Inc., 440 F.3d 1214, 1222 (10th Cir. 2006)(stating, in dicta, that "§ 1927 is available only against attorneys"); Sassower v. Field, 973 F.2d 75 (2d Cir. 1992)(holding that § 1927 cannot be used to impose sanctions on non-lawyer litigants, but also holding that § 1927 can impose sanctions on a pro se litigant who is also a lawyer). But see Wages v. IRS, 915 F.2d 1230, 1235-36 (9th Cir. 1990)(sanctioning a pro se plaintiff under § 1927). Accordingly, the Court will not sanction Brown under § 1927 and denies the Fees Motion.